IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 12-01777 (ESL) |
| JEANS.COM | CHAPTER 11 |
| Debtor | |

OPINION AND ORDER

This case is before the court upon the *Urgent Motion for Reconsideration* (the " *Motion for Reconsideration*", Docket No. 359) filed by the Debtor moving the court to reconsider the *Order* entered on June 17, 2013 dismissing the instant case for Debtor's failure to file an amended disclosure statement (Docket No. 357). For the reasons stated below, the *Motion for Reconsideration* is hereby denied.

Procedural Background

The Debtor filed a voluntary Chapter 11 bankruptcy petition on March 9, 2012 (the "*Petition*", Docket No. 1) and has since then been managing its affairs and operating its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

On February 19, 2013, the court held a hearing to consider the approval of the Disclosure Statement. The court order the Debtor to either file an amended disclosure statement or supplement the filed disclosure statement in forty five (45) days. See Docket No. 288.

On April 4, 2013, the Debtor filed a *Motion Requesting Extension of Time to File Disclosure Statement and Plan Reorganization* (Docket No. 296) averring that its attorney had met with the attorney for the Unsecured Creditors Committee ("UCC") to discuss the amended plan and was finalizing the amended disclosure statement. The Debtor requested twenty-one (21) days to file the Amended Disclosure Statement in order to discuss the draft with the UCC to avoid future objections.

Because the Amended Disclosure Statement was not timely filed, on May 8, 2013, the court issued an *Order to Show Cause Re: Dismissal* (Docket No. 328) for the Debtor to show cause within twenty-one (21) days as to why the case should not be dismissed for failure to file a Disclosure Statement and Plan.

On May 13, 2013, the Debtor filed a *Motion in Compliance with Order to Show Cause*

(Docket No. 334) averring that it had been waiting for the UCC's input prior to filing an Amended Disclosure Statement. The Debtor further requested 30 additional days to file the Amended Disclosures Statement, which the court granted on May 14, 2013 (Docket No. 335).

Because the Debtor did not timely file the Amended Disclosure Statement or the Plan within the time it had requested, on June 17, 2013, the court issued an *Order* (Docket No. 357) dismissing the case for failure to file the Amended Disclosure Statement.

On June 18, 2013, the Debtor filed a *Urgent Motion for Reconsideration* (Docket No. 359) requesting the court to reconsider its previous *Order* (Docket No. 357) under Fed. Civ. P. R. 59. Once more, Debtor requested fourteen (14) days to file the Amended Disclosure Statement.

On June 19, 2013, the UCC filed an *Opposition to Debtor's Request for Reconsideration of Dismissal Order* (Docket. No. 360) arguing that the Debtor had failed to provide adequate documentation regarding the credit cards and that the Debtor had breached a court order by using four (4) credit cards instead of the two (2) it was authorized to use (Docket No. 66). The UCC requested that Debtor explain the post-petition accumulation of debt owed to the IRS, referring to Claims Register No. 98-3. The UCC also states that it has always acted in an amicable fashion and that the dismissal of the case was warranted by Debtor's actions.

On June 24, 2013, the Debtor filed the *Amended Disclosure Statement and Amended Plan for Reorganization* (Docket Nos. 366 and 367).

On June 28, 2013, the Debtor filed a *Motion to Strike "Opposition to Urgent Motion for Reconsideration"and Supplement to "Urgent Motion for Reconsideration"* (Docket No. 368) alleging that UCC's *Opposition* is "invalid for three reasons: (1) lack of notice to <u>all</u> members of the Committee, (2) Failure to actually have a formal meeting to entertain the matter of the dismissal and the Reconsideration, and (3) there was no majority vote to file the 'Opposition'". <u>See</u> Docket No. 368, p. 2. The Debtor also claims that it filed its *Amended Disclosure Statement and Amended Plan for Reorganization* (Docket Nos. 366 and 367), that it is up to date with the filing of its Monthly Operating Reports, that it paid the IRS the Principle of the Administrative debt prior to the dismissal of the case, and that dismissing the case would be disastrous for the unsecured creditors, all of which warrant the reconsideration of the dismissal.

On July 12, 2013, the UCC filed an *Answer to Debtor's Motion to Strike* (Docket No. 370) averring that Debtor's Monthly Operating Reports for the months of April and May 2013 were missing the invoices for the credit cards and other critical financial information as required by the *Order Authorizing the Use of Credit Card*. The UCC also informs that four of the seven members of the Committee have been active during the process, that after the receipt of the *Motion to Strike "Opposition to Urgent Motion for Reconsideration"and Supplement to "Urgent Motion for Reconsideration"* (Docket No. 368) it held a vote and that with World Wide Distributors abstaining, the vote is tied in regards to the *Urgent Motion for Reconsideration* (Docket No. 359) and the dismissal of the case.

Applicable Law & Analysis

*(A) Standard for Motions for Reconsideration*

The Debtor seeks reconsideration under Fed. R. Civ. P. 59, applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023, claiming that the dismissal should be altered or amended because it "erroneously interpreted a set of facts presented to it before reaching said judgment" (Docket No. 359, p. 3, ¶ 14). The Debtor also cites In re Mitchell, 70 B.R. 524 (Bankr. N.D. Ill. 1987), for that same proposition without discussing its applicability. Id.

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba.*" In re Lozada Rivera, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), citing Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-1076 (5th Cir. 1994). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b). See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993). "These two rules are distinct; they serve different purposes and produce


different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen[1]] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." In re Lozada Rivera, 470 B.R. at 113, quoting Van Skiver, 952 F.2d at 1243. Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.") "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. at 113.

Because in the instant case, the Debtor filed its *Motion for Reconsideration* within the 14 days provided in Fed. R. Bankr. P. 9023, and because it expressly sought relief under Fed. R. Civ. P. 59(e), it will be entertained under that rule.

Fed. R. Civ. P. 59(e) itself does not state the grounds on which relief under the rule may be granted. Therefore, trial courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Fed. R. Civ. P. 59(e). See ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (2008) ("[Trial] courts enjoy considerable discretion in deciding [Fed. R. Civ. P.] 59(e) motions, subject to circumstances developed in the case law."); Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004), citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993); Robinson v. Watts Detective Agency, 685 F.2d 729, 743 (1st Cir. 1982). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). Fed. R. Civ. P. 59(e) "does not provide a vehicle for a party to undo its own procedural failures". Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997), quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996). Also see Acevedo-Perez v. United States Gov't, 899 F. Supp. 2d 90, 102 (D.P.R. 2013) ("a motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures").

---

[1] See the most recently amended version of Fed. R. Bankr. P. 9023, which makes Fed. R. Civ. P. 59 applicable to bankruptcy cases.

Generally, in order for a motion for reconsideration to proceed under Fed. R. Civ. P. 59(e), the movant must clearly establish a manifest error of law or present newly discovered evidence that could not have been diligently found during the case. See Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing In re Rodriguez, 233 B.R. at 219. The Court of Appeals for the "First Circuit has explained that a motion for reconsideration brought under Fed. R. Civ. P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact." BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). "To meet the threshold requirements of a successful [Fed. R. Civ. P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." In re Rodriguez, 233 B.R. at 219 (quotations omitted). "In practice, because of the narrow purposes for which they are intended, [Fed. R. Civ. P. 59(e)] motions typically are denied." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 2012) at p. 171.

In the instant case, it is undisputed that the Debtor failed to comply with this court's orders to file an amended disclosure statement and plan on three separate occasions. See Docket Nos. 288, 328, 335 and 357. Because the Debtor is the movant of its bankruptcy case, the burden rests in it to timely file its disclosure statements and plan, especially after three motions for extension of time and an order to show cause. See In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("The debtor must prosecute his or her case to a prompt and successful conclusion through confirmation of a plan.") Also see 11 U.S.C. § 1106(a)(5) (a Chapter 11 debtor has the duty to file a plan or a report of why a plan cannot be filed). The Debtor's *Motion for Reconsideration* fails to meet the threshold requirements of a successful Fed. R. Civ. P. 59(e) motion, for it is not based upon newly discovered evidence or a manifest error of law or fact. See In re Vazquez, 471 B.R. at 760; In re Rodriguez, 233 B.R. at 219. Instead, the *Motion for Reconsideration* attempts to be what it cannot be: "a vehicle for a party to undo its own procedural failures". Aybar v. Crispin-Reyes, 118 F.3d at 16.

*(B) Applicability of In re Mitchell, supra*

The Debtor cites In re Mitchell, *supra*, for the proposition that "one of the grounds for a court to amend a judgment, is that it erroneously interpreted a set of facts presented to it before reaching said judgment". Debtor's *Motion for Reconsideration*, Docket No. 359, p. 3.

In In re Mitchell, the Plaintiff sought to reopen an order rendering judgment after trial on Plaintiff's action to determine dischargeability of a debt, finding that only a portion of the debt owed by the Debtor was nondischargeable under Section 523(a)(2)(B) of the Bankruptcy Code. 70 B.R. at 524-525. The Debtor sought reconsideration under Fed. R. Civ. P. 59(e) claiming that: (a) she erred in her testimony when she said that she did not verify the debtor's employment, because she did verify it; (b) the court erred in finding that there was no agreement on attorney's fees because the lease agreement provided for such remedy; and (c) she relied rely on the debtor's false financial statement when she leased the property, which warrants reconsideration. Id. at 525. The Mitchell court denied the Plaintiff's *Motion to Reconsider* in its entirety. Id. at 529. In regards to the first ground, the court reasoned that "[t]he ground for new trial of 'manifest error of fact' refers to the court making a mistaken finding of fact based on the testimony given at the original trial" and that "[a] new trial may not be given merely because a witness claims she made a mistake in her testimony". Id. at 526. As to the attorney's fees, the court ruled that the Plaintiff "may not use this [Fed. R. Civ. P. 59(e)] motion to raise arguments that could and should have been made before judgment issued, or to argue a case under a new legal theory". Id. at 526. Finally, as to the reliance on the debtor's false financial statements, the court ruled that the Plaintiff did not "show[] by clear and convincing evidence [she] reasonably relied on debtor's false financial statement". Id. at 529.

Like the Mitchell court, this court rules that "manifest error of fact" for Fed. R. Civ. P. 59(e) purposes refers to the court making a mistaken finding of fact based on the record. Id. at 526. Conversely, the Debtor's procedural failures and repeated noncompliance with the court's orders do not translate to the "manifest error of fact" afforded in Fed. R. Civ. P. 59(e) case law.

## Conclusion

For the reasons stated herein, the Debtor's *Motion for Reconsideration* (Docket No. 359) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of July, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge